IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

SPX Corporation,            Case No. 3:10 CV 1266

           Plaintiff,         MEMORANDUM OPINION
                                  AND ORDER

-vs-

                                  JUDGE JACK ZOUHARY

Mastercool, U.S.A., Inc., et al.,

           Defendants.

### INTRODUCTION

Before this Court is Mastercool's Motion for Reconsideration (Doc. No. 66) pursuant to Federal Civil Rule 59(e). Plaintiff SPX Corporation opposes (Doc. No. 67).

SPX filed suit alleging Mastercool and other Defendants were liable for patent infringement (Doc. No. 1). Mastercool, with its Amended Answer, filed an antitrust Counterclaim (Doc. No. 40). This Court, pursuant to SPX's Motion (Doc. No. 47), dismissed the Counterclaim (Doc. No. 65) finding Mastercool failed to state a plausible claim for relief.

### STANDARD OF REVIEW

It is well established that motions for reconsideration shall be construed as motions to alter or amend judgment under Rule 59(e). *See, e.g., Moody v. Pepsi-Cola Metro. Bottling Co., Inc.*, 915 F.2d 201, 206 (6th Cir. 1990); *Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir. 1979). A motion to alter or amend a judgment under Rule 59(e) allows a court to "reconsider matters 'properly encompassed

in a decision on the merits.'" *Ashburn v. General Nutrition Ctrs.,* 533 F. Supp. 2d 770, 773 (N.D. Ohio 2008) (*quoting Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)). A court thus has the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982)). It is appropriate to set aside a prior judgment only when there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or, (4) a need to prevent manifest injustice." *U.S. ex rel SNAPP, Inc. v. Ford Motor Co.,* 532 F.3d 496, 507 (6th Cir. 2008) (internal quotations and citations omitted).

## ANALYSIS

Mastercool argues this Court "misapplied the case law concerning the relationship between antitrust injury and contracts of limited duration and overlooked the law requiring courts to consider the 'practical effect' the exclusive dealing contracts have on competition" (Doc. No. 66-1 at 9). Mastercool vividly asserts that the restrictive covenants SPX inserts into its contracts with ARRR equipment distributors and servicers impermissibly impede competition:

> SPX's restriction on Equipment Servicers chokes off a buyer's ability to have non-SPX equipment serviced, and the rebate forfeiture provisions smothers SPX's competitors' ability to spread the word about their own, less well-known, products

(Doc. No. 66-1 at 10).

This Court has followed, not misapplied, the law. This Court considered the practical effects of the exclusivity clauses in the SPX contracts with distributors and servicers, and properly concluded that those clauses alone are insufficient to support a plausible antitrust claim. As the Supreme Court noted in *Tampa Elec. Co. v. Nashville Coal Co.,* 365 U.S. 320 (1961), a contract does not violate the Sherman Act "unless the court believes it probable that the performance of the contract will foreclose

2

competition in a substantial share of the line of commerce affected." *Id*. at 327. Mastercool has not sufficiently pled harm to competition generally, which is the fundamental element of antitrust injury. In dismissing Mastercool's antitrust Counterclaim, this Court stated: "Mastercool offers only the conclusory allegation that SPX's conduct has harmed competition" (Doc. No. 65 at 7). Even with a second bite at the apple, Mastercool again provides only conclusory assertions that the termination clauses harm competition, rather than specific, plausible factual allegations.

Simply put, the termination clauses in SPX's contracts do not have the practical effect of substantially limiting competition or foreclosing entry into the ARRR equipment market. Mastercool does not allege SPX has exclusivity arrangements with all its distributors, or even a majority of them. SPX's "short-term terminable contracts" with an unknown percentage of distributors have a presumptively lawful exclusivity clause (Doc. No. 65 at 7). *See Tampa Elec.*, 365 U.S. at 327 ("even though a contract is found to be an exclusive-dealing arrangement, it does not violate the [anti-trust act] unless the court believes it probable that performance of the contract will foreclose competition in a substantial share" of the market). The analysis is no different with regard to servicers.

Moreover, Mastercool's market description fails to reflect "that *competition* itself was harmed." *Indeck Energy Serv., Inc. v. Consumers Energy Co.,* 250 F.3d 972, 978 (6th Cir. 2000) (emphasis in original). While Mastercool alleges "the challenged SPX restrictions are designed to, and have the effect of, preventing small companies from entering the ARRR Equipment market" (Doc. No. 66-1 at 5), Mastercool also charges that, besides itself and SPX, there are six other companies competing in the ARRR equipment market (Doc. No. 40 at 8). While it is unclear exactly how many companies Mastercool believes should be welcomed into the ARRR equipment market,

3

this Court reiterates its earlier conclusion that "Mastercool fails to allege facts sufficient 'to state a claim for relief that is plausible on its face.' *Iqbal*, 129 S. Ct. at 1949." (Doc. No. 65 at 4).

## CONCLUSION

Colorful sweeping statements (such as "efforts to extinguish any flickers of competition does not end with the suffocation . . .") are no substitute for cold hard facts notably missing from the Counterclaim. Defendant fails to overcome the undisputed simple and straightforward principle that these short-term (one year) exclusive agreements, are terminable at will by either party, are not exclusionary and cannot result in substantial market foreclosure. There is no plausible antitrust injury alleged in the Counterclaim.

For the above reasons, Mastercool's Motion for Reconsideration is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 17, 2011